UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ENOC MARTINEZ LOPEZ, et al.,<br><br>                    Defendants. | CASE NO. 2:22-cr-00211-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY |

This matter comes before the Court on the Government's Motion for a Protective Order Restraining Certain Forfeitable Property. Dkt. No. 82. Defendants have not responded to or opposed the motion. This case is currently scheduled for trial on September 25, 2023, Dkt. Nos. 55, 79.[1] For the reasons set forth below, the Court grants the motion in part and denies it in part without prejudice.

The Government seeks a protective order to maintain custody, pursuant to 21 U.S.C. § 853(e)(1)(A), of the following property (the "Subject Property"):

---

[1] Trial for recently arraigned Defendant Adam Wisniewski is currently scheduled for July 17, 2023, Dkt. No. 86, but his filing of a speedy trial waiver, Dkt. No. 96, suggests a forthcoming motion to continue his trial date.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY - 1

1.      One 2017 BMW 440i Series Sedan, VIN number WBA4E3C55HG187067, and bearing Washington State license CEN6820, seized on or about November 30, 2022 (the "BMW");

2.      One 2015 Dodge Durango, White, VIN: 1C4RDJDG5FC245277 with Washington State License No. BUJ0115, seized on or about November 30, 2022 (the "Dodge"); and

3.      $29,750 in U.S. currency, seized on or about December 1, 2022 (the "currency").

The Court, having reviewed the filings in this matter, including the Government's Motion and supporting Declaration of Drug Enforcement Administration Special Agent ("SA") Kenneth D. Richardson, Dkt. No. 89, finds that entry of a protective order restraining the BMW and the currency is appropriate because:

- The United States gave notice of its intent to pursue forfeiture of the Subject Property in the Indictment, Dkt. No. 28 at 8–10, and Forfeiture Bill of Particulars, Dkt. No. 81 at 1–2;

- Based on the facts set forth in SA Richardson's Declaration, there is probable cause to believe the BMW and the currency are subject to forfeiture in this case; and

- To ensure the BMW and the currency remain available for forfeiture, their continued restraint is appropriate, pursuant to 21 U.S.C. § 853(e)(1).

However, the Government has not shown that it is entitled to a protective order restraining the Dodge under 21 U.S.C. § 853(e)(1)(A). That statute provides that the Court "may enter a restraining order . . . or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section . . . upon filing of an indictment" alleging that the property "would, in the event of conviction, be subject to forfeiture under this section[.]" 21 U.S.C. § 853(e)(1)(A). In turn, subsection (a) lists "property subject to criminal forfeiture" to include "any

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY - 2

property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation," and "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation[.]" 21 U.S.C. § 853(a)(1)–(2). The Government does not allege that the Dodge is derived from the proceeds of the alleged criminal violations or the property of any of the Defendants. *See generally* Dkt. Nos. 82, 89. Instead, the Dodge is registered to a third party, who filed a claim for it. Dkt. No. 89 at 3, 14–22; Dkt. No. 82 at 3–4. Although the Dodge was seized for forfeiture pursuant to 21 U.S.C. § 881, Dkt. No. 89 at 6, the Government's motion does not seek pre-conviction restraint of the property under that statute. Nor does Section 881 contain a protective order provision comparable to the one in Section 853(e).

Therefore, the Government's request for a protective order restraining the Subject Property pending the conclusion of this case, Dkt. No. 82, is GRANTED IN PART AND DENIED IN PART. The BMW and the currency shall remain in the custody of the United States, Drug Enforcement Administration, and/or its authorized agents or representatives, pending the conclusion of criminal forfeiture proceedings and/or further order of this Court. The Government's motion with respect to the Dodge is denied without prejudice.

Dated this 23rd day of May, 2023.

Lauren King
United States District Judge