UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>       v.<br><br>ENOC MARTINEZ LOPEZ,<br><br>              Defendant. | CASE NO. 2:22-cr-00211-LK<br><br>ORDER GRANTING MOTIONS TO SEAL |

This matter comes before the Court on the Government's unopposed motions to seal. Dkt. Nos. 168, 171. The Government seeks to seal Exhibit A to the Government's original and revised sentencing memoranda. Dkt. No. 168 at 1; Dkt. No. 171 at 1; *see also* Dkt. Nos. 169, 173 (sealed documents). Defendant Enoc Martinez Lopez has not responded to or opposed the motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

ORDER GRANTING MOTIONS TO SEAL - 1

2003). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached and whether those records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the records at issue are more than tangentially related to the merits of the case, the Court must apply the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.* at 1097. Courts apply the same standards in criminal cases. *See, e.g.*, *United States v. Pardo*, No. 2:22-cr-00151-LK, 2022 WL 16553286, at *6 (Oct. 31, 2022).

Even if the higher compelling reasons test applies, the Government has met that standard. The Government avers that Exhibit A "identifies personal information—including telephone numbers—of multiple individuals, some of whom remain under investigation and some of whom are unlikely to be charged." Dkt. No. 171 at 2.[1] Protecting that sensitive information outweighs any public interest in disclosure, and the Court finds compelling reasons to maintain Exhibit A under seal. Therefore, the Court GRANTS the motions to seal, Dkt. Nos. 168, 171, and Exhibit A, Dkt. Nos. 169, 173, may remain under seal.

Dated this 11th day of December, 2023.

*Lauren King*

Lauren King
United States District Judge

---

[1] The Government also notes that the sensitive information could be redacted, but "doing so would make it significantly less readable and less useful for the Court's review." Dkt. No. 168 at 2; Dkt. No. 171 at 2.

ORDER GRANTING MOTIONS TO SEAL - 2